**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00627-GPG

BENNIE TIMS,

    Plaintiff,

v.

COMCAST,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Bennie Tims, currently resides in Aurora, Colorado. On March 16, 2018, Plaintiff submitted an Employment Discrimination Complaint ("Complaint") (ECF No.1), and an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) ("Application") (ECF No. 3). As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), Magistrate Judge Gordon P. Gallagher determined that the submitted documents were deficient. Specifically, the manner in which the financial information was entered into the Application did not allow the Court to determine whether the Plaintiff qualified to proceed without prepayment of fees and costs, and also the Complaint failed to clearly and concisely state any claims for relief under Fed. R. Civ. P. 8 or to attach the EEOC charge of discrimination or Notice of Right to Sue letter as required. In a detailed Order Directing Plaintiff to Cure Deficiencies dated March 19, 2018, Magistrate Judge Gallagher directed Plaintiff to cure the deficiencies in his filings. (ECF No. 4).

1

On April 4, 2018, Plaintiff filed 5 pages of materials consisting of a 2-page Dismissal and Notice of Rights, along with 3 pages concerning his Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (ECF No. 5).   No attempt was made by the Plaintiff to clarify the financial information in the Application or to cure the pleading deficiencies in the Complaint under Fed. R. Civ. P. 8.  (ECF No. 5).   The filing did not comply with or satisfy the March 19, 2018 Order Directing Plaintiff to Cure Deficiencies.   While Plaintiff's failure to address the issues presented in the March 19, 2018 Order provided grounds for dismissal of this case pursuant to Fed. R. Civ. P. 41(b), since it appeared the Plaintiff was trying to fix the problems, the Court granted him a further opportunity to cure his filing deficiencies.   In a Second Order Directing Plaintiff to Cure Deficiencies issued on April 6, 2018, Magistrate Judge Gallagher directed that:

1. Plaintiff is required to submit a new Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).   The Application filed on March 16, 2018 cannot be processed because the information provided does not follow the instructions on the form by providing accurate information concerning, for example, average <u>monthly</u> income for the Plaintiff or his spouse.

2. Plaintiff must submit a new Employment Discrimination Complaint form, which attaches to it both of the Dismissal and Notice of Rights and the Charge of Discrimination documents as required by Section E of the form.   The three documents – (1) a new, fully completed Employment Discrimination Complaint form, (2) a copy of the Dismissal and Notice of Rights document, and (3) a copy of the Charge of Discrimination documents - must be submitted together as one filing.   The Court is not required to piece together filings made on separate dates and, therefore, the Court's electronic filing system is not set up to combine documents filed on different dates.

3. Plaintiff must completely fill out the entire Employment Discrimination Complaint form, including Sections A through G and cannot leave any section blank.   Plaintiff may, if he wishes, write the same allegations from his Charge of Discrimination filed with the EEOC into the

> "Statement of Claim(s)" section of form as the supporting facts for his claim(s), but he still must fully complete the "Statement of Claim(s)" section of the form.

(ECF No. 6).

On April 17, 2018, Plaintiff submitted a revised Application and Complaint. (ECF Nos. 7 and 8). While Magistrate Judge Gallagher determined the Court may be able to discern the necessary information in the revised Application (ECF No. 8) in order to process the request to proceed without prepayment of fees and costs, the revised Complaint (ECF No. 7) remained noncompliant. Magistrate Judge Gallagher found the Complaint to be deficient because it failed to comply with the pleading requirements of Fed. R. Civ. P. 8. Further, the pleading again disregarded Section E on page 5 of the complaint form which directs that a copy of the EEOC charge of discrimination and a copy of the Notice of Right to Sue to be attached directly to the Complaint. Accordingly, on April 22, 2018, Magistrate Judge Gallagher issued an Order to Show Cause to the Plaintiff directing that he show cause in writing and filed with the Court within thirty (30) days from the date of the Order as to why this case should not be dismissed for failing to comply with the pleading requirements of Fed. R. Civ. P. 8 and for disregard of Court orders pursuant to Fed. R. Civ. P. 41(b).

On May 15, 2018, Plaintiff filed a letter with the Court indicating that he "would like to file a motion to dismiss case #18-cv-00627, due to time constraints and monetary issues." (ECF No. 10). Plaintiff also indicated that he "would like to have information removed from public record." (*Id.*). What Plaintiff meant by his statement that he would like to have information removed from the public record was not clear. Equally unclear was whether Plaintiff was actually requesting dismissal of the case and whether the

desire to dismiss the case was conditioned upon having information removed from the public record.

With regard to information contained within the public record of a court, there is a presumption that documents essential to the judicial process are to be available to the public.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).   The presumption may be overcome, and court filings or proceedings may be restricted, where the public's right of access is outweighed by interests which favor nondisclosure.  *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  However, the Court is aware of no authority which would provide for the actual "removal" of information from the public record and the Plaintiff had provided none.

Therefore, on May 23, 2018, Magistrate Judge Gallagher issued a Second Order to Show Cause instructing the Plaintiff that if he wanted the lawsuit to be removed from the Court's public record, he would have to provide the Court with the legal authority for such action.  (ECF No. 11).  Plaintiff was also provided with general information regarding the process of requesting that access to his court filings be restricted under D.C.COLO.LCIV.R. 7.2(c).  Plaintiff was cautioned that the Court has substantial discretion in determining whether public access to a particular court record should be restricted.  *Nixon*, 435 U.S. at 599.

Further, Magistrate Judge Gallagher provided the Plaintiff with thirty (30) days from the date of the Second Order to Show Cause to demonstrate why his letter of May 15, 2018 should not be deemed a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) even if removal of the lawsuit from the Court's records or restriction of access to the record did not occur.  (ECF No. 11).  Plaintiff was informed that if his letter of May

4

15, 2018 is deemed a notice of voluntary dismissal, this case will be closed as of May 15, 2018, the date Plaintiff's letter was filed with the Court.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995) (a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary); *see also Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

Magistrate Judge Gallagher further informed the Plaintiff in the May 23, 2018 Second Order to Show Cause that dismissal of the case would be without prejudice, but that even if this case is dismissed without prejudice, Plaintiff may be barred from returning to federal court with regard to this lawsuit.  (ECF No. 11).  Plaintiff was cautioned in the Second Order to Show Cause that returning to court may be barred despite the action being dismissed without prejudice because the dismissal may act as a dismissal with prejudice if the time for filing expires.  *See Rodriguez v. Colorado*, 521 F. App' x 670, 671-72 (10th Cir. 2013).  Plaintiff was reminded that pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant only has ninety days to file a civil action after receiving a notice of right to sue from the EEOC.  Plaintiff was further warned that voluntary dismissal of this case would not preserve the ninety day time period. (ECF No. 11 at 6).

The deadline for response to the Second Order to Show Cause has passed, with no response or any other communication being received from the Plaintiff.  The United States Postal Service has not returned as undeliverable the copy of the May 23, 2018 Second Order to Show Cause mailed to the Plaintiff at the address he provided, and so it is presumed that the Order was received by the Plaintiff.  Accordingly, Plaintiff's letter of May 10, 2018, is deemed to be a Notice of Voluntary Dismissal.  Rule 41(a)(1)(A)

provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."   No answer on the merits or motion for summary judgment has been filed by Defendant in this action.   Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.   *See Hyde Constr. Co.*, 388 F.2d at 507.   Therefore, the case will be closed as of May 15, 2018, the date the letter was filed with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal, Plaintiff must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Plaintiff's revised Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) **(ECF No. 8)** is provisionally **GRANTED** for the sole purpose of dismissing this action.   It is

FURTHER ORDERED that the incorrectly completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) **(ECF No. 3)** is **DENIED** as moot.   It is

FURTHER ORDERED that Plaintiff's letter of May 15, 2018 **(ECF No. 10)** is deemed a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of May 15, 2018, the date the letter was filed in this action.   It is

FURTHER ORDERED that the action is dismissed without prejudice.   It is

FURTHER ORDERED that any other pending motions not specifically referenced are **DENIED** as moot.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   2nd   day of    July        , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court